**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TINA CORA, | ) | |
| | ) | No. 24 CV 1129 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| LAKE COUNTY, ILLINOIS, and | ) | |
| LAKE COUNTY SHERRIFF'S | ) | |
| OFFICE, | ) | |
| | ) | June 2, 2026 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Tina Cora alleges that Defendants failed to reasonably accommodate her, retaliated against her after she sought worker's compensation, and intentionally caused her to suffer emotional distress. In support of her claims, Cora's expert, Dr. Lama Bazzi, produced two expert reports two months apart. Before the court is Defendants' motion to strike the second report for failure to comply with Federal Rule of Civil Procedure 26(a)(2). For the following reasons, the motion is denied:

**Background**

In November 2025, the court entered the following schedule for completing expert discovery in this case: (1) Cora to serve her Rule 26(a)(2) report on Defendants by January 9, 2026; (2) Defendants to depose Cora's expert by March 6, 2026; and (3) Defendants to file a status report by March 20, 2026, updating the court on whether they plan to retain experts. (R. 58.) Thereafter in March 2026, the court ordered Defendants to identify their experts by April 10, 2026. (R. 67.) The court has

not yet set a deadline for Defendants' Rule 26(a)(2) disclosures or a trial date. Consistent with this schedule, Cora served Dr. Bazzi's first report ("Initial Report") on January 3, 2026, (R. 68, Ex. C), and Defendants deposed Dr. Bazzi on March 2, 2026, (R. 73, Defs.' Mot. at 2). Defendants then filed their status report on March 20, 2026, updating the court on their plan to retain experts. (R. 66.) Two weeks later, on April 3, 2026, Cora served Defendants with Dr. Bazzi's second report ("Supplemental Report"). (R. 68, Ex. D.) Defendants timely identified their testifying experts the following week. (R. 71, Defs.' Status Rep.)

Dr. Bazzi opined in the Initial Report that Defendants' handling of Cora's on-duty injuries caused her to suffer from PTSD, and she is not faking or exaggerating her symptoms. (R. 68, Ex. C at 1, 9.) During her deposition, Dr. Bazzi testified that she did not conduct any psychological testing to detect malingering because she had no suspicion of it, (id., Ex. B, Dr. Bazzi Dep. Tr. at 20, 129; R. 75, Ex. A, Dr. Bazzi Decl. ¶¶ 1-2), but said she "looked for malingering" as part of Cora's forensic interview, (R. 75, Pl.'s Resp. at 1). This included "cross-referencing what [Cora told her] against objective data points in the medical records, depositions, and other documentation." (R. 68, Ex. D, Supp. Rep. at 5). Defendants questioned Dr. Bazzi "extensively" about malingering at her deposition, (R. 75, Pl.'s Resp. at 1), and thereafter, at Cora's request, Dr. Bazzi administered two examinations for malingering—the Minnesota Multiphasic Personality Inventory-2 and the Million Clinical Multiaxial Inventor-IV, (id. at 2, Ex. A, Dr. Bazzi Decl. ¶ 1). Dr. Bazzi then

2

presented the test results in her Supplemental Report and opined that the testing "clearly shows" Cora is not malingering. (R. 68, Ex. D, Supp. Rep. at 1.)

Defendants seek to strike this Supplemental Report as untimely disclosed. They argue that no substantial justification exists for the delay because nothing prevented Dr. Bazzi from administering the tests before serving the Initial Report, and re-deposing Dr. Bazzi would prejudice them. (See R. 73, Defs.' Mot. at 3-4.) Cora responds that Rule 26(e) permits Dr. Bazzi to supplement her Initial Report, and regardless, Defendants suffer no harm because they can re-depose her and their experts have sufficient time to respond to both reports. (R. 75, Pl.'s Resp. at 2-4.)

### Analysis

Defendants' motion requires the court to analyze the disclosure requirements for expert witnesses pursuant to Rule 26(a)(2), and the sanctions for failure to comply with these requirements under Rule 37(c)(1). *See Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018). The court first decides whether Dr. Bazzi's Supplemental Report properly augments the Initial Report, and if not, whether striking it is warranted. Cora violated Rule 26 when disclosing the Supplemental Report because she served it on Defendants after the court-ordered deadline, but the court declines to strike it because the untimely disclosure does not prejudice Defendants.

### A.    Rule 26

The Supplemental Report does not comply with Rule 26 because it includes a new opinion—not mere supplementation—made after the court-ordered deadline.

Rule 26(a)(2)(B) requires parties to disclose expert reports that include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). A party must disclose this expert report by the court-ordered deadline. Fed. R. Civ. P. 26(a)(2)(D). While a party "must supplement or correct" an expert disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect," Fed. R. Civ. P. 26(e)(1)(A), the duty to supplement "does not provide an opening for wholly new opinions," *Only The First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011) (quoting *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 934 (N.D. Ill. 2008)). As such, new expert opinions disclosed after the court-ordered deadline violate Rule 26. *Carter v. Finely Hosp.*, No. 01 CV 50468, 2003 WL 22232844, at *2 (N.D. Ill. Sept. 22, 2003).

Cora argues that the Supplemental Report merely reinforces the Initial Report because the new testing Dr. Bazzi performed only "adds a basis to her report and testimony" that Cora is not malingering. (R. 75, Pl.'s Resp. at 3 (emphasizing that the Initial Report was "incomplete").) But Rule 26 required the Initial Report to include *all* "bas[e]s and reasons" for her opinions, Fed. R. Civ. P. 26(a)(2)(B), "includ[ing] 'how' and 'why' the expert reached a particular result," *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (citing Fed. R. Civ. P. 26(a)). While the Initial Report concludes that Cora "was not malingering" based on Dr. Bazzi's observations during her forensic interview, (R. 68, Ex. C at 9; R. 75, Pl.'s Resp. at 1), Cora admits that the new testing constitutes an additional basis for this opinion, (R. 75, Pl.'s Resp. at 3; see also R. 68, Ex. D, Supp. Rep. at 5

4

(stating that the new testing "now provides the most rigorous objective psychometric evidence available to address [Cora's] malingering").) As such, the Supplemental Report disclosed a new "how" and "why" for her malingering opinion after the disclosure deadline in violation of Rule 26. *See Seiko Epson*, 822 F. Supp. 2d at 781 ("[W]hile the conclusions in his supplemental declaration are the same as the ones in his original declaration, they are based in part on [the expert]'s new testing and are, accordingly, new opinions."); *Saldaña v. Cnty. of Cook*, No. 19 CV 6178, 2022 WL 2967422, at *2 (N.D. Ill. July 27, 2022) (finding a supplemental expert report did not comply with Rule 26 when it provided additional bases for an expert's initial opinions); *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 809 (N.D. Ill. 2005) (finding a supplemental expert report did not comply with Rule 26 when it provided an additional explanation for an expert's initial opinion).

Cora relies on *Village of Sauk Village v. Roadway Express, Inc.*, No. 15 CV 9183, 2017 WL 378424, at *2 (N.D. Ill. Jan. 25, 2017), to argue that the Supplemental Report "merely supplemented, corrected and enhanced [her] original report" and thus complied with Rule 26(e). (R. 75, Pl.'s Resp. at 2-3.) But that decision is inapposite. The *Sauk Village* court found that the expert's untimely report properly supplemented the initial opinions because it "expand[ed]" upon the supporting test results disclosed before the court-ordered deadline. *See Sauk Village*, 2017 WL 378424, at *2 ("The supplemental report states the same opinion, does so at slightly more length, and references specific borings and test drill results.").

In contrast, the Supplemental Report relies on new test results prepared after the disclosure deadline to conclude that Cora is not malingering. (See R. 68, Ex. D, Supp. Rep. at 5.) This is not merely an "expansion" on her initial opinion, which relied on "cross-referencing" Cora's forensic interview responses with "objective data points" to conclude the same. (See id.) Instead, the Supplemental Report more closely resembles the untimely disclosure in *Stuhlmacher v. Home Depot USA, Inc.*, No. 10 CV 467, 2012 WL 5866297, at *2-3 (N.D. Ind. Nov. 19, 2012), because the testing results generated a "new reason" as to why Dr. Bazzi believes Cora is not malingering—namely, that the tests show "no evidence of symptom fabrication, gross exaggeration, or deliberate distortion," (R. 68, Ex. D, Supp. Rep. at 5).

Nor is this a situation in which Dr. Bazzi is supplementing the Initial Report based on information she obtained after that disclosure. *See Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010) ("Supplemental expert reports are permitted if they are based upon information discovered after the initial disclosure . . . ." (citation omitted)). To the contrary, Cora concedes that Dr. Bazzi could have administered the tests before preparing the Initial Report, (R. 75, Pl.'s Resp. at 2, Ex. A, Dr. Bazzi Decl. ¶ 3), and Cora makes no claim that any circumstances prevented Dr. Bazzi from doing so earlier. As such, the Supplemental Report is untimely.

## B. Rule 37 Sanctions

Although the Supplemental Report violates Rule 26, the court declines to strike it because it does not prejudice Defendants. "[I]f a party fails to comply with Rule

6

26(a), the evidence is excluded 'unless the failure was substantially justified or is harmless.'" *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)). As the party who violated Rule 26(a), Cora "bears the burden of showing that her violation was either substantially justified or harmless." *Saldaña*, 2022 WL 2967422, at *2 (citing *Salgado*, 150 F.3d at 742).

Cora does not argue that the delay in serving the Supplemental Report was substantially justified, but rather that it is harmless. The court has broad discretion in determining whether a failure to comply with Rule 26 is harmless or justified. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). While the court need not make any explicit findings concerning this harm or justification, the following factors guide the court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

The court first addresses Defendants' alleged prejudice and the ability to cure such prejudice. Defendants claim that the Supplemental Report prejudices them because they already deposed Dr. Bazzi on the Initial Report. (R. 73, Defs.' Mot. at 4.) The court finds, however, that such harm can be cured by permitting Defendants to depose Dr. Bazzi regarding the Supplemental Report before their experts prepare their reports. Indeed, Cora has offered to present Dr. Bazzi for a second deposition, (R. 75, Pl.'s Mot. at 4), and Defendants' Rule 26(a)(2) disclosure deadline is not yet set. *See Uncommon*, 926 F.3d at 418-19 (finding a party could have requested a

7

deposition of an expert to cure any prejudice from the expert's untimely disclosure); *Vandervelden v. Saint Louis Univ.*, No. 18 CV 1333, 2022 WL 1499737, at \*3 (S.D. Ill. May 12, 2022) (finding no prejudice from an untimely expert disclosure because the movant had "ample time to prepare its own witnesses to rebut [the new] opinion"); *Dr Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2016 WL 4077107, at \*4 (N.D. Ill. Aug. 1, 2016) (finding the untimely disclosure of a supplemental expert report harmless because "[the] plaintiffs ha[d] plenty of opportunity to discuss this matter with their own expert to determine their examination strategy" and examine the expert at another deposition); *Miller UK Ltd. v. Caterpillar, Inc.*, No. 10 CV 3770, 2015 WL 10818831, at \*5 (N.D. Ill. Nov. 1, 2015) (finding untimely disclosure of a supplemental report harmless because the movant's expert was deposed after receiving the report and thus "had a full and fair opportunity to respond").

Regarding the latter two factors—the likelihood of disrupting the trial or any bad faith or willfulness involved in not disclosing the new opinions timely—they also weigh in favor of allowing the Supplemental Report to stand. A trial date has not been set and there is no evidence that Cora withheld the Supplemental Report for the purpose of disclosure only after Dr. Bazzi's deposition. The "[c]oncepts of 'willfulness' and 'bad faith' usually require 'intentional or reckless behavior.'" *Uncommon*, 926 F.3d at 418 (quoting *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191 (7th Cir. 2011)). While true that Cora directed Dr. Bazzi to administer certain tests after the disclosure deadline, the court is not convinced that Cora acted intentionally or

recklessly in so doing because she produced the Supplemental Report with sufficient time for Defendants' experts to address the information included therein. *See Seiko Epson*, 822 F. Supp. 2d at 780 (finding new expert opinions based on additional testing were not disclosed late in bad faith because the party disclosed the new testing before the opposing expert's deposition and before the movant's duty to respond).

That said, pursuant to this court's broad discretion under Rule 37(c)(1), and to underscore the importance of complying with court deadlines, the court orders Cora to cover Defendants' court reporter appearance fees, out-of-pocket costs, and expert fees in connection with Dr. Bazzi's second deposition. *See, e.g., Johnson v. Perez*, No. 12 CV 9225, 2024 WL 2132462, at *3 (N.D. Ill. May 13, 2024) (ordering the party that violated Rule 26 to bear the costs for the second expert deposition). The court finds this allocation of costs and fees to be reasonable, proportional, and necessary to motivate litigants to ensure the accuracy and completeness of their expert reports in a timely manner. This second deposition must be limited to the information included in the Supplemental Report.

## Conclusion

For the foregoing reasons, Defendants' motion to strike the Supplemental Report is denied.

**ENTER:**

Young B. Kim
United States Magistrate Judge

9